UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM A. OSER,<br><br>              Petitioner,<br><br>v.<br><br>BRIAN FINN,<br><br>              Respondent. | Case No. 1:14-cv-00527-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner William A. Oser's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, and Petitioner has filed a response. (Dkt. 14, 21.) Petitioner has also renewed his request for appointment of counsel (Dkt. 18) and, in the alternative, has asked for leave to seek his own counsel (Dkt. 21).

      The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Motion and dismissing the Petition with prejudice as untimely.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Oser*, Case No. 35228, Op. 362 (Idaho Ct. App. Feb. 18, 2009) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner was convicted by a jury in the Fourth Judicial District in Ada County, Idaho, of trafficking in methamphetamine, in violation of Idaho Code § 37-2732B(a), and delivery of a controlled substance, in violation of Idaho Code § 37-2732(a). (State's Lodging B-4 at 2.) Petitioner was sentenced to twenty years in prison with six years fixed on each count, to be served concurrently. The Idaho Court of Appeals affirmed the convictions and sentences. The Idaho Supreme Court denied review, and the remittitur issued on April 9, 2009. (State's Lodging B-7, B-8.)

A few months later, on July 20, 2009, Petitioner filed a petition for state postconviction relief. (State's Lodging C-1 at 5-13.) After the trial court appointed counsel for Petitioner, Petitioner filed an amended petition. (*Id*. at 107-13.) The trial court dismissed the petition. (*Id*. at 175-80.) Petitioner appealed. (*Id*. at 184-86.) After appointed counsel withdrew from representation, Petitioner voluntarily dismissed his appeal. (State's Lodging D-1, D-2.) The Idaho Supreme Court issued the remittitur in the postconviction appeal on April 28, 2011. (State's Lodging D-3.)

Less than a month later, on May 16, 2011, Petitioner filed a successive petition for postconviction relief. (State's Lodging E-1 at 3-20.) The trial court dismissed the petition, holding that the successive petition was untimely and raised claims that could have been

**MEMORANDUM DECISION AND ORDER - 2**

raised in Petitioner's initial postconviction application. (*Id*. at 52.) *See Charboneau v. State*, 174 P.3d 870, 875 (Idaho 2007) (holding that successive postconviction claims must be brought within a reasonable time "once those claims are known."); Idaho Code § 19-4908 ("All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.").

The Idaho Court of Appeals affirmed the dismissal of Petitioner's successive petition, holding that the petition was untimely because Petitioner did not bring his successive petition for nearly one year after he knew about the claims he asserted in that petition. (State's Lodging F-5 at 3-4.) Thus, the successive petition was not filed "within a reasonable period of time [after] those claims were known." (*Id*. at 2.) The Idaho Supreme Court denied review, and the remittitur issued on November 26, 2012. (State's Lodging F-8, F-9.)

On April 8, 2013, Petitioner filed a second successive postconviction petition. (State's Lodging G-1 at 4-8.) The state district court summarily dismissed the petition as untimely under Idaho law, and the Idaho Court of Appeals agreed. (State's Lodging G-1 at 140; H-5 at 5.) The Idaho Supreme Court denied review and issued its remittitur on June 20, 2014. (State's Lodging H-8 & H-9.)

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner filed his instant federal petition, at the earliest, on December 10, 2014.[1]

Petitioner asserts the following claims:

| | |
|---|---|
| Claim 1: | Petitioner is actually innocent of the crimes of conviction. |
| Claim 2(a): | Petitioner's trial counsel was ineffective for failing to file a motion to suppress, or to object to the admission of, evidence obtained during a search of Petitioner's home. |
| Claim 2(b): | The evidence discovered in the search of Petitioner's home was obtained in violation of the Fourth Amendment and should have been suppressed. |
| Claim 3: | Petitioner's trial counsel was ineffective for failing (a) to investigate the fact of the case, (b) to call necessary witnesses, or (c) to impeach the testimony of Officer Rob Berrier. |
| Claim 4: | Petitioner's trial counsel was ineffective for failing (a) to "lay the proper foundation for tape recording to raid," or (b) to "show up at several hearings and at trial." Petitioner also asserts a violation of his right to an attorney of his choice. |

(Pet., Dkt. 3, at 6-9.)

## DISCUSSION

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees. Because Petitioner (1) is entitled only to limited statutory

---

[1] *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases.

**MEMORANDUM DECISION AND ORDER - 4**

tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.[2]

**1.     Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A); *see Patterson v. Stewart*, 251 F.3d

---

[2]     Because the Petition is untimely, the Court need not address Respondent's alternative argument that Petitioner's claims are procedurally defaulted.

[3]     Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**MEMORANDUM DECISION AND ORDER - 5**

1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to the AEDPA statute of limitations, which means that the calculation excludes the day the conviction became final, meaning that the statute of limitations period actually consists of 366 days). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Direct review of a conviction includes the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court has clarified application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Idaho Appellate Rule 14 provides that an appeal from the district court must be filed within 42 days from the date of an appealable order or judgment. Idaho Appellate Rule 118 provides that a petition for review to request that the Idaho Supreme Court review an opinion or order of the Court of Appeals must be filed within 21 days "after the announcement of the opinion or order, or after the announcement of an order denying rehearing, or after the announcement of an opinion on rehearing or after an opinion is

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 6**

modified without rehearing in a manner other than to correct a clerical error." United States Supreme Court Rule 13 provides that a petition for writ of certiorari must be filed with the United States Supreme Court within 90 days of a judgment entered by a state court of last resort. Hence, the failure to file a notice of appeal, petition for review, or petition for writ of certiorari within the applicable time period triggers finality for purposes of § 2244(d)(1)(A).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition,

**MEMORANDUM DECISION AND ORDER - 7**

AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

Finally, any postconviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Moreover, the statute of limitations is subject to an actual innocence exception. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). If a petitioner "demonstrates that it is more likely than not that no reasonable

**MEMORANDUM DECISION AND ORDER - 8**

juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). In other words, a petitioner can take advantage of the actual innocence exception to the statute of limitations bar only if the petitioner establishes it is more likely than not that *every* reasonable juror would vote to acquit.

Although a petitioner asserting actual innocence, as opposed to equitable tolling, to overcome the statute of limitations need not prove diligence, "a court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence." *McQuiggen*, 133 S. Ct. 1935 (internal quotation marks and alterations omitted).

**2.     The Petition Is Barred by the Statute of Limitations**

　　*A.     The Petition Was Not Timely Filed*

Because Petitioner did not file a petition for certiorari with the United States Supreme Court, his conviction became final on July 8, 2009—90 days after the Idaho Supreme Court issued its remittitur in Petitioner's direct appeal on April 9, 2009. *See* U.S. S. Ct. Rule 13. Therefore, absent tolling, the statute of limitations period would have expired one year later, on July 8, 2010. Petitioner filed his Petition in this Court, at the earliest, on December 10, 2014. Therefore, the claims in the Petition are barred by AEDPA's one-year statute of limitations, unless Petitioner establishes that he is entitled to statutory or equitable tolling or that he is actually innocent.

**MEMORANDUM DECISION AND ORDER - 9**

### B.     Petitioner Is Entitled to Limited Statutory Tolling

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his initial state postconviction petition on July 20, 2009. At that point, 12 days of the one-year limitations period had run from the date Petitioner's conviction became final. The Idaho Supreme Court later granted Petitioner's motion to voluntarily dismiss his postconviction appeal. Because that court issued its remittitur on April 28, 2011, the statute of limitation began running again on that date. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001) (stating that decisions of the Idaho Supreme Court are final when the remittitur is issued). Petitioner therefore had 354 days remaining within which to file his federal petition (366 days minus 12 days).

Because the Idaho courts held that both of Petitioner's successive state postconviction petitions were untimely, those petitions were not "properly filed" and cannot serve as a basis for statutory tolling. *Pace*, 544 U.S. at 414. Therefore, AEDPA's statute of limitations expired on April 16, 2012 (354 days after April 28, 2011), and Petitioner's December 10, 2014 federal habeas Petition was filed over two years too late.

Petitioner claims that Idaho's time period for filing a successive petition—"a reasonable period of time" after the successive claims are known, *see Charboneau*, 174 P.3d at 875—is too indeterminate to serve as an adequate basis for a timeliness determination. (Dkt. 21 at 4-5.) However, the Supreme Court has already determined that a similarly indeterminate "reasonableness" standard for the timely filing of

**MEMORANDUM DECISION AND ORDER - 10**

postconviction petitions in state court *can* be applied in the context of statutory tolling. *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (describing California's "original writ" system as providing an "indeterminate" timeliness rule and applying that rule in calculating statutory tolling under AEDPA). Therefore, Petitioner cannot escape the fact that the Idaho courts found his two successive postconviction petitions to be untimely. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006) (holding that the California courts applied a timeliness bar to postconviction petition and found the petitioner's unexplained six-month delay unreasonable). Neither of Petitioner's two successive postconviction petitions tolled the statute of limitation pursuant to §2244(d)(2). Therefore, statutory tolling is insufficient to render the Petition timely.

    C.    *Equitable Tolling*

The Court now considers whether equitable tolling may apply to toll the time period between the date when the Petition was due (April 16, 2012) and the date the Petition was actually filed (December 10, 2014). As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after

**MEMORANDUM DECISION AND ORDER - 11**

his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner does not explain how any adverse circumstances "made it *impossible* to file [his] petition on time." *Ramirez*, 571 F.3d at 997 (emphasis added) (internal quotation marks and alteration omitted). Petitioner has simply not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition. Therefore, equitable tolling does not apply.

### D.    Actual Innocence

Petitioner has failed to meet the extraordinarily stringent standard for actual innocence. He has not presented any credible evidence from which the Court can infer that no reasonable juror would have found him guilty. Thus, Petitioner cannot take advantage of the actual innocence gateway, and the Petition must be dismissed as untimely.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time (Dkt. 19) is GRANTED. Petitioner's response to the Motion for Summary Dismissal (Dkt. 21) is deemed timely.

2. Petitioner's renewed request for appointment of counsel or request for time to seek counsel (contained in Dkt. 21) is DENIED.

3. Respondent's Motion for Summary Dismissal (Dkt. 14) is GRANTED, and the Petition is DISMISSED with prejudice as untimely.

**MEMORANDUM DECISION AND ORDER - 12**

4.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: **December 22, 2015**

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**